IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF
*ex rel*
CHRISTOPHER BUCKLEY

vs.                                Civil No. 6:12-cv-06102

HILL & COX CORPORATION                                        DEFENDANT

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. ECF No. 26. This Motion was filed on December 22, 2013, and Plaintiff responded to this Motion on January 9, 2014. ECF Nos. 26-27. Defendant also filed a reply in support of its Motion. ECF No. 31. The Court held an evidentiary hearing on this Motion on May 13, 2014 in Hot Springs, Arkansas. ECF No. 32. Plaintiff and a representative for Defendant testified at this hearing.[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, the Court recommends this Motion be **GRANTED**, and Plaintiff's case be dismissed without prejudice.

**1. Background:**

At the hearing in this matter, Plaintiff testified he began working for Defendant in February

---

[1] During this hearing, the Parties also agreed that all exhibits and evidence attached to their briefing could be used as evidence for purposes of determining whether this Court has subject matter jurisdiction over this case.

1

of 2012, and his employment was terminated in July of 2012. *See also* ECF No. 26-1 ¶ 2. During this time period, Plaintiff worked for Defendant under four different government contracts: (1) the Arkansas School for Mathematics, Sciences, and the Arts ("ASMA") Contract; (2) the Lakeside School District Contract; (3) the Malvern School District Contract; and (4) the Hot Springs School District Contract. ECF No. 1 ¶¶ 13-25.

At some point around May or June of 2012, Plaintiff testified he became aware he was not being paid a "prevailing wage" under these government contracts. Plaintiff complained to Defendant about this. Then, Plaintiff notified the Department of Labor ("DOL") about Defendant's failure to pay him a prevailing wage. Plaintiff testified he notified the DOL about all four of the contracts listed above.

As a result of Plaintiff's complaint, the DOL began an investigation of Defendant. ECF No. 26-1 at 6. Specifically, on June 25, 2012, the Wage & Hour Division of the DOL sent a letter to Defendant regarding this investigation. *Id.* In this letter, Defendant was directed to be prepared for a "scheduled visit" on July 10, 2012 at 9:30 A.M. and was directed to "please have available for examination, a copy of pertinent contract documents, which includes the Wage Determinations and contract modifications. . . . payrolls and basic records relating thereto. . . ." *Id.* Defendant was also notified: "The payroll records for review should cover the past two years." *Id.* Robert Cox, one of the owners of the Defendant, testified at the hearing that Defendant made available to the investigator all of documents regarding the ongoing federally funded contracts and associated payroll records for the two year time period requested. This time period covered the entirety of Plaintiff's work history with Defendant.

As a result of this investigation, the DOL found Defendant misclassified some of its

employees thereby causing those employees not to be paid prevailing wages. The DOL then directed Defendant to pay nineteen employees a total of $13,226.82 in back wages. ECF No. 26-1 at 17. In the investigation report, the DOL noted the period of this investigation spanned approximately six months in 2012: "The period of investigation is from January 25, 2012 to July 18, 2012." *Id.* at 14. Further, in this report, the DOL only referenced one of the four contracts listed above. *Id.* at 13-14. The DOL did not state whether there were any violations under the other three contracts. *Id.* Plaintiff testified, at the hearing regarding this motion, he was dissatisfied with the findings of the DOL and complained to both the investigator and a supervisor following the issuance of the narrative report. His complaint specifically was the investigative narrative report only found a violation under one of the four contracts he had originally complained about.

On August 21, 2012, Plaintiff filed his Complaint in this matter. ECF No. 1. Plaintiff brings this suit pursuant to the Davis-Bacon Act ("DBA"). *Id.* ¶¶ 10-12. Under the DBA, a contractor working under a government contract is required "to pay workers the prevailing wages." *Id.* ¶ 10. Plaintiff claims he was not paid "prevailing wages" as required by the DBA while he was employed by Defendant and working on the four separate contracts listed above. *Id.* ¶¶ 13-25.

Plaintiff claims that as a result of these violations of the DBA, he is entitled to damages under the federal statute the False Claims Act ("FCA") and under the state-law claims of unjust enrichment and payment by mistake. ECF No. 1 ¶ 46. However, in response to Defendant's Motion to Dismiss, Plaintiff waived any state-law claims. ECF No. 28. Accordingly, only the claims made pursuant to the FCA are relevant in this matter.

2. **Applicable Law:**

Defendant's Motion to Dismiss was filed pursuant to Rules 12(b)(1) (lack of subject matter

3

jurisdiction) and 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure. Because the Court finds there is no subject matter jurisdiction, only Rule 12(b)(1) will be addressed.

A Rule 12(b)(1) motion challenges the threshold question of subject matter jurisdiction. When a court is faced with a Rule 12(b)(1) challenge, "the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." *Green Acres Enters., Inc. v. United States,* 418 F.3d 852, 856 (8th Cir. 2005). The burden of proving the existence of subject matter jurisdiction is on Plaintiff. *See id.*

In an effort to fully consider whether Plaintiff has met this burden, the Court held an evidentiary hearing on May 13, 2014. ECF No. 32. During this hearing, the Parties were given the opportunity to present their cases and demonstrate whether the Court has subject matter jurisdiction over this case.

**3.** **Discussion:**

Under the FCA, the Court has limited subject matter jurisdiction over a civil action by a private party. *See* 31 U.S.C. § 3730(a) (2010). Notably, a private action is barred when there has been an administrative proceeding addressing the same issues that are in dispute in the civil case:

> In no event may a person bring an action under subsection (b) which is based upon the allegations or transactions which are the subject of a civil suit or an administrative money penalty proceeding in which the Government is already a party.

*Id.* § 3730(e)(3). Thus, according to this provision, a civil action is barred for (1) "allegations or transactions" which (2) are "the subject of a civil suit or administrative money penalty proceeding" where (3) "the Government is already a party." *Id.*

At the hearing in this matter, Plaintiff did not dispute the second requirement has been met in this case and agreed the prior investigation by the DOL qualifies as "an administrative money

penalty proceeding." Also, Plaintiff did not dispute the third requirement. Indeed, both Parties recognized the U.S. Government, through the DOL, was a party to that administrative proceeding.

Thus, the only issue remaining is whether these are the same "allegations or transactions." At the hearing in this matter, Plaintiff claimed they are not the same "allegations or transactions" and tried to distinguish the facts in this suit from the administrative proceeding. Specifically, Plaintiff claimed the administrative proceeding only dealt with one of the contracts listed above while this lawsuit deals with four contracts. However, as Plaintiff himself testified at the hearing in this matter, even though the DOL only found violations regarding one of Defendant's contracts, he complained to the DOL, sought an investigation of all four contracts in dispute in this case, and then sought review by the DOL when the investigation only found a violation in regards to one of the contracts. Thus, the Court finds Plaintiff's argument is not persuasive.

Indeed, the timing of the DOL's investigation also indicates all four contracts were at issue in this investigation, and these are the same "allegations or transactions." Notably, the DOL's investigation covered the entire time Plaintiff was employed by Defendant and was working under these four contracts. The undisputed evidence demonstrates Defendant only employed Plaintiff for the roughly six-month time period of February of 2012 until July of 2012. *See* ECF No. 26-1 ¶ 2. This is the time period in dispute in this action, and the time period Plaintiff claimed to be working under the four contracts at issue. Further, it is undisputed the DOL was provided with all four of the contracts at issue and the associated payroll documentation during its investigation.

As for the administrative investigation, it was initially to cover "the past two years" or 2010 to 2012. *See* ECF No. 26-1 at 6. Then, ultimately, when the DOL issued its final report, it narrowed the scope of that investigation: "The period of investigation is from January 25, 2012 to July 18,

2012." ECF No. 26-1 at 14. However, even that narrowed time period still covered the entire time Plaintiff was employed by Defendant.

Asa final point, the sole issue under investigation in the administrative proceeding was whether Defendant's employees were being paid "prevailing wages." This is also the sole issue in dispute in this case. ECF No. 1. Accordingly, based upon these findings, this civil proceeding relates to "the allegations or transactions" that were at issue in the administrative proceeding by the DOL. Therefore, this action is barred by 31 U.S.C. § 3730(a).

**4. <u>Conclusion</u>:**

Based upon the foregoing, the Court recommends Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 26) be **GRANTED.** Pursuant to Rule 41 of the Federal Rules of Civil Procedure, this dismissal should be without prejudice. *See* FED. R. CIV. P. 41(b); *Cnty. Of Mille Lacs v. Benjamin,* 361 F.3d 460, 464 (8th Cir. 2004) (holding a district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 14th day of May 2014.**

                                                         /s/   Barry A. Bryant
                                                         HON. BARRY A. BRYANT
                                                         U.S. MAGISTRATE JUDGE