IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA
*ex rel*
CHRISTOPHER BUCKLEY                                          PLAINTIFF

V.                          CASE NO. 12-CV-6102

HILL & COX CORPORATION                                       DEFENDANT

## ORDER

Before the Court is the Report and Recommendation ("R&R") filed May 14, 2014, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

ECF No. 34. Judge Bryant recommends that Defendant's Motion to Dismiss for Lack of Jurisdiction

and Failure to State a Claim (ECF No. 26) be granted.  Plaintiff has responded with timely objections

ECF No. 35.  Defendant has filed a response to the objections.  ECF No. 36.  The Court finds that

this matter is ripe for its consideration.

In June 2012, Plaintiff notified the Department of Labor (DOL) that Defendant failed to pay

him lawful wages under four contracts.  The DOL investigated the matter and found that Defendant

failed to pay nineteen employees the correct amount of wages and directed Defendant to pay

$13,226.82 in back wages to these employees.  The DOL's report only referenced one of the four

contracts of which Plaintiff complained.  On August 21, 2012, Plaintiff filed the present civil lawsuit

pursuant to the Davis-Bacon Act, which states that a contractor working under a government contract

is required to pay workers a "prevailing wage." 40 U.S.C. § 3142.  Plaintiff claims that he is entitled

to damages under the False Claims Act for Defendant's failure to pay a prevailing wage.

Under the False Claims Act, a private action is barred where there has been an administrative proceeding addressing the same issues that are in dispute in the civil case. *See* 31 U.S.C. § 3730(e)(3). At issue here is whether the DOL administrative proceeding addressed the same issues that are in dispute in the present lawsuit. Plaintiff claims that the administrative proceeding only dealt with one of the contracts and that his claims in this lawsuit deal with all four contracts. Thus, according to Plaintiff, the administrative proceeding and his civil lawsuit do not deal with the same issues.

In his objections, Plaintiff states that it is simply not clear whether all four contracts were investigated by the DOL. Plaintiff, however, concedes that the investigation "may have" covered all four contracts. ECF No. 35, p. 2. Plaintiff further claims that the question could be answered by a simple statement from the DOL clarifying what contracts were reviewed. The Court notes that Plaintiff could have submitted such a statement into evidence but has not done so.

Plaintiff basically argues that, because there is no statement of exoneration by the DOL regarding three of the contracts, those three contracts were not part of the administrative hearing. Just because the report does not specifically name all four contracts, however, does not mean that they were not investigated. It is undisputed that Plaintiff complained to the DOL about all four contracts and that all four contracts were handed over to the DOL. Further, the period of investigation covered the entire time Plaintiff was employed by Defendant. Judge Bryant found that the administrative proceeding and Plaintiff's present lawsuit do address the same allegations or transactions, and he recommends dismissal of this case for lack of subject matter jurisdiction. The Court agrees.

Based on its de novo review and its consideration of the parties' arguments, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 34.

Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 26)

is **GRANTED**.  Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**, this 9th day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge